**PECKAR & ABRAMSON, P.C.**
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434
Kevin J. O'Connor, Esq. KOConnor@pecklaw.com
Kevin M. Foltmer KFoltmer@pecklaw.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EARLE REFINING, LLC, | Case No. 3:22-cv-04469-GC |
| Plaintiff, | ECF CASE – Electronically Filed |
| vs. | |
| NEW VACUUM TECHNOLOGIES LLC and NORTH JERSEY PETROLEUM OPERATIONS, LLC, | **DECLARATION OF KEVIN J. O'CONNOR IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | |

I, **KEVIN J. O'CONNOR,** certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge and belief:

1. I am a shareholder of Peckar & Abramson, P.C. and counsel to New Vacuum Technologies, LLC ("NVT") and North Jersey Petroleum Operations, LLC ("NJPO" and, with NVT, collectively "Defendants") in the above-referenced action commenced by Plaintiff, Earle Refining, LLC ("Plaintiff" or "Earle").

2. This declaration is to supplement the motion to dismiss to inform the Court of a material development as concerns the motion.

3. As stated in the motion, Earle recently sought to re-open the claims and discovery in the AAA Case No. 01-22-0000-7497 (the "AAA Arbitration"), to include

an identical patent infringement claim against Mr. Laura, Pristec America, Inc.-Nevada ("PAI-NV"), and others.

4. The Honorable Anthony J. Parrillo, J.S.C. (Retired) ruled as follows on August 15, 2022, as concerns these very claims of "infringement", and denied leave to Earle to bring an infringement claim:

> "Claimants' proposed patent-infringement claim is wholly dependent on a determination that Earle legally owns Pristec AG's patents and was validly assigned its license rights in the United States…. Consequently, a determination in [PAI-NV's] favor would render moot the claims related to the so-called "NVT Scheme" that Claimants now seek to interject into this proceeding, allaying any concerns over fragmented or piecemeal litigation while promoting notions of efficiency, avoidance of waste and reduction of delay." (Arbitrator's August 15, 2022 Decision at 10, a true and correct copy of which is attached hereto as Exhibit A).

5. On August 16, 2022, I sent Earle's counsel a letter under Federal Rule of Civil Procedure 11 and asked that the Complaint be voluntarily dismissed pending completion of the arbitration. A true and correct copy of my letter is attached hereto as Exhibit B.

6. I have received no substantive response other than a request by Earle to admit a new attorney *pro hac vice*.

Dated: August 18, 2022

/s/ Kevin J. O'Connor

_____

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

#4779843v1

2