# Sills Cummis & Gross
A Professional Corporation

101 Park Avenue, 28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Katherine Lieb**
**Of Counsel**
**Direct Dial: 212-500-1580**
**Email: klieb@sillscummis.com**

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

April 28, 2023

**VIA CM/ECF**
Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

>   Re:   *Earle Refining, LLC v. New Vacuum Technologies LLC, and New Jersey Petroleum Partners, LLC*
>   **Civil Action No. 3:22-cv-04469-GC-DEA**

Dear Judge Castner:

Pursuant to the Court's April 20, 2023 text order (the "Text Order"), Plaintiff Earle Refining, LLC ("Earle") and Defendants New Vacuum Technologies LLC and New Jersey Petroleum Partners, LLC ("Defendants") submit this joint status update. As the Court is aware, the Text Order stayed this patent litigation pending the outcome of an arbitration before the American Arbitration Association (Case No. 01-22-0000-7497) (the "Arbitration") and instructed the parties to submit a joint status update within seven days of a decision in the Arbitration. That Arbitration was to address, among other things, the ownership rights of Earle to the patent-in-suit, U.S. Patent No. 10,053,635 (the "'635 Patent").

**Earle's Position**

On April 21, 2023, Arbitrator Anthony J. Parrillo entered a *Reasoned Award of Arbitrator*. ***The Award confirmed that Earle is the owner of the '635 Patent***.

In their position statement below, unwilling to agree to this simple and straightforward statement of the only relevant part of the Award, the defendants digress into various interpretations of other aspects of the Award (albeit failing to note that they not only lost the effort to void the patent sale, but every other claim they brought too). But none of this is relevant. The defendants sought dismissal or a stay of this case because Earle allegedly did not own the patent. Every supporting argument for that position was soundly and easily rejected by the arbitrator (e.g., the

**Sills Cummis & Gross**
A Professional Corporation

Honorable Georgette Castner, U.S.D.J.
April 28, 2023
Page 2

expert testimony disputing Earle's ownership was "lacking any foundation in fact or law" and was "wholly inadequate to render the Patent Sale null and void"). Because the Award confirmed Earle's ownership, the stay should be lifted, and the case should proceed.

Defendants' argument that the stay should continue due to the mere potential for challenges to the Award is baseless. Defendants do not state they expect any such effort (let alone identify any potential basis for such a challenge). Earle also does not currently expect to challenge the Award. And the Defendants' refrain that the Award is not yet "operative" is entirely beside-the-point – Earle owns the patent as the Award unequivocally confirmed, and defendants provide no basis on which this could possibly be challenged, in confirmation proceedings or anywhere else.

Even if either party later decided to make some challenge, that challenge would need to satisfy the Commercial Rules of the American Arbitration Association ("AAA") and the Federal Arbitration Act ("FAA"). Under the AAA Rules, the arbitrator is not empowered to "redetermine the merits of any claim already decided." AAA Commercial R-50 (https://adr.org/sites/default/files/Commercial%20Rules.pdf). Similarly, the FAA provides limited grounds to challenge an arbitration award (e.g., corruption, fraud, evident partiality, arbitrator misconduct). 9 U.S.C. § 10. Not surprisingly, therefore, stays through challenges to the award are not contemplated. 9 U.S.C. § 3 (stays allowed only until the "arbitration has been had").

**Defendants' Position**

Regrettably, Plaintiff Earle offers a wholly misleading and unsupported view of the arbitration and procedural posture. The award of the AAA arbitrator, which was rendered under the Federal Arbitration Act ("FAA") and a written arbitration agreement to which Earle is bound, is not operative until confirmed by the Superior Court of New Jersey. In that award, the arbitrator soundly rejected each and every one of the Earles' claims against Mr. Laura and Pristec America, Inc. ("PAI"), and has clarified the relationships between the Earles, Mr. Laura and PAI. Significantly, the award soundly rejects the allegation—contained in the Earle's operative complaint in this action—that PAI's license to the '635 Patent, was somehow "terminated." Moreover, the arbitrator rejected the Earles' bogus claims that PAI and its leadership were required to furnish certain technology upgrades, or that PAI owed the Earles anything at all.

As indicated by Plaintiff's counsel, the arbitrator included a finding rejecting the claim that Plaintiff Earle Refining had not properly secured the patent and license rights. Defendants are in the process of evaluating the award for determining the next steps, including a potential challenge to the arbitrator's finding that Earle Refining is the patent holder as well as the arbitrator's decision not to award full attorneys' fees and costs to Mr. Laura and PAI despite the fact that the Earles lost each and every one of their claims and had withdrawn the bulk of their claims shortly before the arbitration.

Sills Cummis & Gross
A Professional Corporation

Honorable Georgette Castner, U.S.D.J.
April 28, 2023
Page 3

Certainly, under the FAA and the arbitration agreement to which Earle is unquestionably bound, until the award is confirmed, the Court's stay should continue. Earle cites no law to the contrary except to cite to a statute that actually proves the point—the stay must continue until an arbitration has been "had." That means, under the FAA and arbitration agreement, *it is completed*.

To proceed on the basis of an unconfirmed award could lead to unnecessary litigation and expense, and could require that new pleadings be filed months from now, depending upon what transpires in any legal challenges to the award. Moreover, as noted above, the award rejected the central premise in the existing Earle complaint that PAI is a "former licensee." Notably, the Earles do not deny this and offer no explanation for how their current complaint could stand by including allegations that the arbitrator soundly rejected.

Accordingly, the stay of this matter should continue for a period of sixty days to allow the parties to complete the arbitration process (and we note that the Earles have not committed in their letter to accepting the award without challenge) and final confirmation. At minimum, Plaintiff Earle should be directed to amend the complaint to reflect the findings of the arbitrator and to waive any right to make any legal challenges to the award, if the Court is inclined to lift the stay. Should the stay be lifted and the Earles refuse to file a new complaint, leave to bring a motion to dismiss is respectfully requested.

Respectfully submitted,

*/s/ Katherine Lieb*
Katherine Lieb

cc: All Counsel of Record (via ECF)