**PECKAR & ABRAMSON, P.C.**
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434
Kevin J. O'Connor, Esq. KOConnor@pecklaw.com
Kevin M. Foltmer KFoltmer@pecklaw.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EARLE REFINING, LLC, | Case No. 3:22-cv-04469-GC |
| Plaintiff, | ECF CASE – Electronically Filed |
| vs. | |
| NEW VACUUM TECHNOLOGIES LLC and NORTH JERSEY PETROLEUM OPERATIONS, LLC, | **DECLARATION OF KEVIN J. O'CONNOR IN SUPPORT OF MOTION TO STAY OR IN THE ALTERNATIVE TO DISMISS** |
| Defendants. | |

I, **KEVIN J. O'CONNOR,** certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge and belief:

1. I am a shareholder of Peckar & Abramson, P.C. and counsel to New Vacuum Technologies, LLC ("NVT") and North Jersey Petroleum Operations, LLC ("NJPO" and, with NVT, collectively "Defendants") in the above-referenced action commenced by Plaintiff, Earle Refining, LLC ("Plaintiff" or "Earle").

2. This declaration is submitted in support of Defendants' motion to stay this action pending the completion of certain arbitral proceedings or, in the alternative, to dismiss the Complaint for failure to join indispensable parties.

3. As stated in the prior motion to the Court which was granted and resulted in a stay of this case, Plaintiff has been engaged in years in an ongoing

arbitration in AAA Case No. 01-22-0000-7497 (the "AAA Arbitration") which involves overlapping claims and defenses. That arbitration involves Mr. Joseph Laura, who is prominently mentioned in the subject complaint and is a founder of NVT, and Pristec America, Inc.-Nevada ("PAI-NV"), the licensor of the subject technology.

4. The Honorable Anthony J. Parrillo, J.S.C. (Retired) issued a reasoned award on April 21, 2023 (the "Final Award"), which resoundingly rejected Plaintiff's claims in the arbitration. A true and correct copy of the Final Award is attached hereto as **Exhibit A**.

5. As noted in the prior motion to stay which was granted by the Court, a significant issue in the AAA arbitration was the allegation, repeated in the complaint before this Court, that PAI-NV was a "prior exclusive licensee of the '635 Patent in the United States." (Cp., ¶ 25). The Final Award rejects this theory entirely and confirms that PAI-NV is the existing exclusive licensee of the '635 Patent in the United States. (See Ex. A). The Final Award also includes a finding that Plaintiff continues in its capacity as a minority member of Pristec Refining Technologies USA, LLC ("PRT") and owes duties to PAI-NV in that capacity which relate to the '635 Patent.

6. In the course of preparing for the AAA arbitration, Plaintiff revealed the existence of the Cooperation Agreement to PAI-NV which is recited and incorporated by reference into the complaint in this case. (*See* Cp., ¶ 14). This disclosure occurred by way of the submission by Plaintiff to the arbitrator of a Certification of William Tellado dated July 11, 2022, a true and correct copy of which is attached hereto as **Exhibit B**. Exhibit J to this Certification contains what Plaintiff's counsel purported to be the entire Cooperation Agreement.

      7.      At page 4/22 of the Cooperation Agreement, the following statement is made:

> 1.1. Earle has access to a Polaris Engineering facility located at 1139 Patton Street, Sulphur, LA 70665 (hereinafter "**Facility**"). Earle will enable RedMax, during the term of this Agreement, to access the Facility and Earle's equipment located there and referenced in the Piping and Instrumentation Diagram showing the engineering, drawing and schematics and photographs attached hereto as Appendix A (hereinafter "**Equipment**") for testing purposes, particularly with respect to the technologies and procedures which rely on the Base Patents.

      8.      Appendix A to said agreement makes clear that Plaintiff has granted access *to non-party Earle Oil* who, according to this very schematic, enjoys property rights in schematics for the very technology that is in question in this case, and who by this document is shown to have actively built an operating unit of the technology in Louisiana. *See id.*, at pdf p. 48.

      9.      On multiple occasions since the Final Award was issued I attempted to meet and confer with Plaintiff's counsel to ascertain whether Plaintiff intends to honor the Final Award; whether Plaintiff would consent to a further stay of this case pending the completion of proceedings relating to the Final Award; and whether Plaintiff would amend the Complaint to correct the obviously contradictory allegations made therein about PAI-NV's rights.

      10.      As is shown by the email communication attached hereto as **Exhibit C**, I continue to receive no answer from Plaintiff as to whether it intends to honor the Final Award, or whether it would be willing to cooperate to avoid this motion.

Dated: May 19, 2023

                          */s/ Kevin J. O'Connor*

                          _____