PECKAR & ABRAMSON, P.C.
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434
Kevin J. O'Connor, Esq. KOConnor@pecklaw.com
Kevin M. Foltmer KFoltmer@pecklaw.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EARLE REFINING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NEW VACUUM TECHNOLOGIES LLC and NORTH JERSEY PETROLEUM OPERATIONS, LLC, <br><br> Defendants. | Case No. 3:22-cv-04469-RK-DEA <br><br> ECF CASE – Electronically Filed |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO BE RELIEVED AS COUNSEL</u>**

The law firm Peckar & Abramson, P.C. ("P&A"), counsel to Defendants New Vacuum Technologies, LLC ("NVT") and North Jersey Petroleum Operations, LLC ("NJPO" and, with NVT, collectively "Defendants") in this matter, respectfully submits this Memorandum of Law in support of P&A's motion pursuant Local Civil Rule 102.1 seeking an Order relieving P&A and its attorneys from representing Defendants in this action:

LAW OFFICES
Peckar & Abramson
A Professional Corporation

1

## POINT I

### THE COURT SHOULD ENTER AN ORDER RELIEVING P&A AS COUNSEL TO DEFENDANTS

Defendants executed a conflict waiver and retainer agreement with P&A at the commencement of the firm's representation of them, wherein they agreed to pay P&A at agreed upon rates for its services; to pay all costs and disbursements of the defense as they were incurred (within thirty days of presentment); and to be responsible to pay all expert(s) costs that would be required to defend the claims in the case.

During much of the time that this firm has represented Defendants in this action, it has simultaneously represented the principal owner of NVT and the Pristec Companies in connection with related civil litigation stemming from the Pristec Companies.  In recent months Defendants have fallen behind in paying the firm's fees and costs, such that the firm is currently owed a substantial sum as set forth in the supporting declaration of counsel.

Over the last few months P&A has made many attempts to be paid, to no avail.  We have communicated to Defendants, in writing, on multiple occasions and over a period of not less than sixty (60) days, that if P&A were not paid, it would need to withdraw from representing Defendants in this action.  Indeed, as is set forth in the enclosed declaration, in recent weeks in the lead up to the filing of the request for leave to bring this motion, Defendants failed to properly respond at all to many inquiries by counsel.  As such, there has been a breakdown in the relationship such that we cannot get clear instructions from, or agreement among, Defendants on how to proceed in this regard.

Accordingly, given the failure of the Defendants to pay the firm and remain current on their obligations to the firm as well as the breakdown in communications between P&A and Defendants, P&A has no choice but to apply to be relieved as counsel, and respectfully

requests an Order in this regard. Finally, there is no trial date set in this matter and relieving P&A now will allow Defendants time to find new counsel to deal with any further Orders or directives of the Court. P&A does not assert a retaining or charging lien for its services in this action. P&A, in accordance with Local Civil Rule 102.1, has caused this motion to be served upon Defendants personally and by electronic mail.

/s/ Kevin J. O'Connor

Dated: March 26, 2024

_____

Kevin J. O'Connor

LAW OFFICES

Peckar & Abramson

A Professional Corporation